# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JOHNNY TURNER**                                                                                  **PLAINTIFF**

**v.**                                                                                                           **No. 1:09CV249-A-D**

**STATE OF MISSISSIPPI, ET AL.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Johnny Turner for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. The petitioner has not responded, and the deadline for response has expired. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed as untimely filed.

## Facts and Procedural Posture

Johnny Turner was convicted of the manufacture of methamphetamine (Count I) and possession of a controlled substance (Count II) in the Circuit Court of Oktibbeha County, Mississippi. Turner was then sentenced as a habitual offender to serve concurrent terms of life in the custody of the Mississippi Department of Corrections on both counts. Turner attempted to appeal his claims to the Mississippi Supreme Court; however, on March 8, 2005, Turner's appeal was dismissed for the failure to pay the costs of appeal. On March 17, 2005, Turner filed a "Motion to Reinstate Appeal," arguing that his fees had in fact been paid. On April 12, 2005, the Mississippi Court of Appeals recalled the mandate dismissing Turner's case and reinstated his appeal. On January 2, 2007, the Mississippi Court of Appeals held the majority of Turner's claims without merit – but found that the case should be reversed and remanded for the trial court

to hold an evidentiary hearing to determine whether the warrant used to conduct the search yielding evidence used to support Turner's conviction was legal. *Turner v. State*, 945 So.2d 992 (Miss. App. 2007) (Cause No. 2005-KA-00255-COA). The appellate court did not retain jurisdiction of Turner's appeal in its opinion. On June 18, 2007, a copy of the trial court's "Order Containing Findings of Fact and Conclusions of Law," was filed in the appellate court. In that order, the trial court held that the police officer had not knowingly and intentionally provided false information and, therefore, probable cause existed to support the issuance of the search warrant. Turner did not file a petition for post-conviction collateral relief under MISS. CODE ANN. § 99-39-1, *et seq*. He filed the instant petition for a writ of *habeas corpus* in this court on October 5, 2009.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

> diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The Mississippi Court of Appeals did not retain jurisdiction over Turner's appeal; as such, his conviction became final on January 2, 2007, when the cause was reversed and remanded. Therefore, the deadline for Turner to file a federal petition for a writ of *habeas corpus* became January 2, 2008 (January 2, 2007 + one year). Turner did not file an application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before January 2, 2008, to toll the limitations period; as such, he did not benefit from statutory tolling. *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Turner's federal *habeas corpus* filing deadline thus expired on January 2, 2008.

Under the "mailbox rule," the Turner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 1, 2009, and the date it was received and stamped as "filed" in the district court on October 5, 2009. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 638 days after the January 2,

2008, filing deadline.[1] The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999). The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of April, 2010.

                                      **/s/ Sharion Aycock**
                                      **U.S. DISTRICT JUDGE**

---

[1] Even if Turner were given the benefit of holding his conviction to be final on the date the trial court order was filed in the appellate court (June 18, 2007), his federal habeas petition would still have been filed more than a year beyond the expiration of the statute of limitations.